Brent N. Bumgardner (Pro Hac Vice)
Decker A. Cammack (Pro Hac Vice)
Nelson Bumgardner Casto, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone:     817.377.3488
Facsimile:     817.377.3485
bbumgardner@nbclaw.net
dcammack@nbclaw.net

Robert W. Hicks (Cal. Bar No. 168049)
Kenneth R. Wright (Cal. Bar No. 176325)
Robert W. Hicks & Associates
14435 Big Basin Way, Suite 151
Saratoga, CA  95070
Telephone:     (619) 846-4333
Facsimile:     (408) 624-9369
rhicks@rwhlaw.com
kwright@rwhlaw.com

Attorneys for Plaintiff and Counter-Defendant
JONGERIUS PANORAMIC TECHNOLOGIES, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JONGERIUS PANORAMIC TECH, LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>GOOGLE, INC., et al.,<br><br>  Defendants.<br><br>AND RELATED COUNTER-CLAIM | Case No.: C 12-03797 YGR<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>HON. YVONNE GONZALEZ ROGERS |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Jongerius Panoramic Technologies, LLC ("JPT") files this First Amended Complaint against the above-named Defendants for infringement of U.S. Patent No. 6,563,529 ("the '529 Patent").

## I. THE PARTIES

1. Plaintiff JPT is a Florida limited liability company with its principle place of business at 2423 South Orange Ave., #195, Orlando, Florida 32806.

2. Google Inc. ("Google") is a Delaware corporation with its principal place of business in Mountain View, California. Google has previously been served with process in this action.

3. Apple Inc. ("Apple") is a California corporation with its principal place of business in Cupertino, California. Apple has previously been served with process in this action.

## II. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and § 1338(a).

5. This action is proceeding in this Court due to Defendants Google and Apple successfully moving the original Court of proper jurisdiction, the U.S. District Court for the Middle District of Florida, Orlando Division, to transfer the case to the present venue. This Court has general and specific personal jurisdiction over each Defendant, and venue is proper, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. Joinder of the Defendants in a single action is proper in this case under 35 U.S.C. § 299 because Plaintiff's patent infringement claims and right to relief are asserted against Google and Apple jointly, severally, and in the alternative with respect to or arising out of Google's and Apple's making, using, importing into the United States, offering for sale, or selling of the same accused products or processes (*e.g.*, map applications with Google Street View, as more fully discussed below). Questions of fact common to both Google and Apple, including claim construction and validity of the '529 Patent, will arise out of this action.

**First Amended Complaint**                  2

### III. PATENT INFRINGEMENT

7. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

8. On May 13, 2003, the '529 Patent was duly and legally issued for an "Interactive System for Displaying Detailed View and Direction in Panoramic Images." A true and correct copy of the '529 Patent is attached hereto as Exhibit A.

9. The '529 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10. Plaintiff owns all substantial rights in and to the '529 Patent, including the exclusive right to make, have made, use, import, offer or sell products or services covered by the '529 Patent, to grant sublicenses, to sue for and collect past, present and future damages, and to seek and obtain injunctive or any other relief for infringement of the '529 Patent.

### APPLE INFRINGEMENT

11. Apple has and continues to directly infringe claims of the '529 Patent in this judicial district and elsewhere in the United States, including at least claims 1-4, 6, 10-15, 17-19, 23-25, and 28, by, among other things, making, using, offering for sale, selling and/or importing products, methods, and/or systems for displaying detailed information, including at least panoramic images with map displays indicating direction, origin, and an area within the panoramic image (*e.g.*, iPhone, iPad, and iPod devices with iOS versions 2.2 – 5.1.1 containing the Apple Maps application) (hereinafter, "Apple Infringing Instrumentalities").

12. Upon information and belief, Apple had knowledge of the '529 Patent at least as early as July 8, 2007 when Apple accessed "www.duckware.com/pmvr/index.html," a Website operated by the named inventor of the '529 Patent, and viewed one or more Web pages that specifically showed embodiments of the inventions claimed by the '529 Patent and identified that such embodiments are covered by claims of the '529 Patent. Thus, at least as of July 8, 2007, Apple's infringement of the '529 Patent has been willful.

13. Apple has induced, and continues to induce, infringement of claims of the '529 Patent, including at least claims 1-4 and 6, by performing acts and knowingly inducing users of Apple

**First Amended Complaint**                      3

Infringing Instrumentalities to perform acts that collectively practice the steps of claims 1-4 and 6 of the '529 Patent.

14. As discussed above, Apple had knowledge of the '529 Patent at least as early as July 8, 2007. Apple also has knowledge of the '529 Patent based on service of Plaintiff's Original Complaint and this Plaintiff's First Amended Complaint.

15. Apple has induced, and continues to induce, infringement by actively instructing and encouraging users of Apple Infringing Instrumentalities to perform acts that, collectively with Apple's own acts, perform claims 1-4 and 6 of the '529 Patent through the provision of technical support, advertisements, marketing materials, instruction booklets, and/or user guides that instruct users on how to use Apple Infringing Instrumentalities to display the Google Street View of a location. *See, e.g.,* Ex. B (iPhone User Guide) at 103; Ex. C (iPad User Guide) at 84; Ex. D (iPod User Guide) at 84.

16. Apple knew or should have known that it has induced, and continues to induce, infringement of claims 1-4 and 6 of the '529 Patent by performing acts and inducing users of Apple Infringing Instrumentalities to perform acts that collectively practice the steps of claims 1-4 and 6 of the '529 Patent based on, at least, service of Plaintiff's Original Complaint, this Plaintiff's First Amended Complaint, and/or Plaintiff's Patent L.R. 3-1 Disclosures. Additionally, Apple knew or should have known that its actions induce infringement of claims 1-4 and 6 of the '529 Patent based on the similarities between the patent claims and advertised features of Apple Infringing Instrumentalities. *See, e.g.,* Ex. B (iPhone User Guide) at 103; Ex. C (iPad User Guide) at 84; Ex. D (iPod User Guide) at 84.

17. Despite its knowledge of the '529 Patent, Apple continued, and continues, to actively instruct and encourage users of Apple Infringing Instrumentalities to perform acts that, collectively with Apple's own acts, perform claims 1-4 and 6 of the '529 Patent by providing technical support, advertisements, marketing materials, instruction booklets, and/or user guides that instruct users on how to use Apple Infringing Instrumentalities to display the Google Street View of a location. *See, e.g.,* Ex. B (iPhone User Guide) at 103; Ex. C (iPad User Guide) at 84; Ex. D (iPod User Guide) at 84.

18. Plaintiff has been damaged as a result of Apple's infringing conduct. Apple is, thus, liable to Plaintiff in an amount that adequately compensates it for its infringements, which, by law,

**First Amended Complaint**                              **4**

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## GOOGLE INFRINGEMENT

19. Google has and continues to directly infringe claims of the '529 Patent in this judicial district and elsewhere in the United States, including at least claims 1-6, 10-15, 17-19, 21, 23-25, and 27-28, by, among other things, making, using, offering for sale, selling and/or importing products, methods, and/or systems for displaying detailed information, including at least panoramic images with map displays indicating direction, origin, and an area within the panoramic image (*e.g.*, Google Street View, Google Map Maker, and Google Art Project, which are available through the World Wide Web and, as it relates to at least some versions of Google Street View, on Apple Infringing Instrumentalities) (hereinafter, "Google Infringing Instrumentalities").

20. Google had knowledge of the '529 Patent at least as early as December 8, 2008, at which time, and as assignee of the application that issued as U.S. Patent No. 7,990,394 entitled "Viewing and Navigating Within Panoramic Images, and Applications Thereof," Google filed an Information Disclosure Statement with the United States Patent and Trademark Office listing the '529 Patent. Then, on January 7, 2009, as assignee of the application that issued as U.S. Patent No. 7,843,451 entitled "Efficient Rendering of Panoramic Images, and Applications Thereof," Google filed another Information Disclosure Statement listing the '529 Patent as relevant prior art. Thus, at least as of December 8, 2008, Google's infringement of the '529 Patent has been willful.

21. Google has induced, and continues to induce, infringement of claims of the '529 Patent, including at least claims 1-6, by performing acts and knowingly inducing users of Google Infringing Instrumentalities to perform acts that collectively practice the steps of claims the '529 Patent.

22. As discussed above, Google had knowledge of the '529 Patent at least as early as December 8, 2008. Google also has knowledge of the '529 Patent based on service of Plaintiff's Original Complaint and this Plaintiff's First Amended Complaint.

23. Google has induced, and continues to induce, infringement by actively instructing and encouraging users of Google Infringing Instrumentalities to perform acts that, collectively with Google's own acts, perform claims 1, 4, and 6 of the '529 Patent through the provision of technical

**First Amended Complaint**                 **5**

support, advertisements, marketing materials, instruction booklets, and/or user guides that instruct users on how to use Google Infringing Instrumentalities to display the Google Street View of a location. *See, e.g.,* Ex. E (About Street View); Ex. F (Google Maps Image APIs) ("Google will create and return your map or Street View scene.").

24. Google knew or should have known that it has induced, and continues to induce, infringement of claims 1-6 of the '529 Patent by performing acts and inducing users of Google Infringing Instrumentalities to perform acts that collectively practice the steps of claims 1-6 of the '529 Patent based on, at least, service of Plaintiff's Original Complaint, this Plaintiff's First Amended Complaint, or Plaintiff's Patent L.R. 3-1 Disclosures. Additionally, Google knew or should have known that its actions induce infringement of claims 1-6 of the '529 Patent based on the similarities between the patent claims and advertised features of Google Infringing Instrumentalities. *See, e.g.*, Ex. E (About Street View); Ex. F (Google Maps Image APIs) ("Google will create and return your map or Street View scene.").

25. Despite its knowledge of the '529 Patent, Google continued, and continues, to actively instruct and encourage users of Google Infringing Instrumentalities to perform acts that, collectively with Google's own acts, perform claims 1-6 of the '529 Patent by providing technical support, advertisements, marketing materials, instruction booklets, and/or user guides that instruct users on how to use Google Infringing Instrumentalities to display the Google Street View of a location. *See, e.g.*, Ex. E (About Street View); Ex. F (Google Maps Image APIs) ("Google will create and return your map or Street View scene.").

26. Upon information and belief, Google is liable for contributory infringement under 35 U.S.C. § 271(c) of claims of the '529 Patent, including at least claims 1-4, 6, 10-15, 17-19, 23-25, and 28, for providing Apple with images, data, and/or software modules that allow Apple Infringing Instrumentalities to display a Google Street View using the Apple Maps application, which directly infringes claims 1-4, 6, 10-15, 17-19, 23-25, and 28.

27. The images, data, and/or software modules provided by Google that allow Apple Infringing Instrumentalities to display a Google Street View are material to practicing claims 1-4, 6, 10-15, 17-19, 23-25, and 28 of the '529 Patent. Without the images, data, and/or software modules

**First Amended Complaint** 6

1 provided to Apple by Google, Apple Infringing Instrumentalities would be unable to display a Google Street View using the Apple Maps application.

28. The images, data, and/or software modules provided by Google that allow Apple Infringing Instrumentalities to display a Google Street View are not staple articles of commerce and have no substantially non-infringing uses. They are provided for use with the Apple Maps application and are specifically adapted for use in displaying a Google Street View through the Apple Maps application, which infringes claims 1-4, 6, 10-15, 17-19, 23-25, and 28 of the '529 Patent.

29. Google knew, or should have known, that the images, data, and/or software modules provided by Google to Apple that allow Apple Infringing Instrumentalities to display a Google Street View are especially made or adopted for use in the infringement of claims 1-4, 6, 10-15, 17-19, 23-25, and 28 of the '529 Patent based on service of Plaintiff's Original Complaint, this Plaintiff's First Amended Complaint, or Plaintiff's Patent L.R. 3-1 Disclosures. Additionally, Google knew or should have known that the images, data, and/or software modules provided by Google to Apple that allow Apple Infringing Instrumentalities to display a Google Street View are especially made or adopted for use in the infringement of claims 1-4, 6, 10-15, 17-19, 23-25, and 28 of the '529 Patent based on the similarities between the patent claims and advertised features of Google Infringing Instrumentalities. *See, e.g.*, Ex. E (About Street View); Ex. F (Google Maps Image APIs) ("Google will create and return your map or Street View scene.").

30. Plaintiff has been damaged as a result of Google's infringing conduct. Google is, thus, liable to Plaintiff in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**First Amended Complaint**         7

## IV. PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,563,529 have been infringed, either literally and/or under the doctrine of equivalents, by each Defendant and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that each Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Defendants infringements be found to be willful from the time that such Defendants became aware of the infringing nature of their respective products and services, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by each Defendant's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances, including any increase in damages pursuant to 35 U.S.C. § 284 to which the Court assesses as appropriate to compensate for the conduct of Defendants.

**First Amended Complaint** 8

Dated:     11/5/12                              NELSON BUMGARDNER CASTO, P.C.

By: /s/ Decker A. Cammack
Decker A. Cammack
Counsel for Plaintiff and Counter-Defendant
Jongerius Panoramic Tech, LLC

**First Amended Complaint**                            9