Brent N. Bumgardner (Pro Hac Vice)
Christie B. Lindsey (Pro Hac Vice)
Jonathan H. Rastegar (Pro Hac Vice)
Nelson Bumgardner Casto, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone:    817.377.3488
Facsimile:    817.377.3485
bbumgardner@nbclaw.net
clindsey@nbclaw.net
jrastegar@nbclaw.net

Robert W. Hicks (Cal. Bar No. 168049)
Kenneth R. Wright (Cal. Bar No. 176325)
Robert W. Hicks & Associates
14435 Big Basin Way, Suite 151
Saratoga, CA  95070
Telephone:    (619) 846-4333
Facsimile:    (408) 624-9369
rhicks@rwhlaw.com
kwright@rwhlaw.com

Attorneys for Plaintiff and Counter-Defendant
JONGERIUS PANORAMIC TECHNOLOGIES, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JONGERIUS PANORAMIC TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE INC., et al.,<br><br>    Defendants. | Case No.: C 12-03797 YGR<br><br>**STIPULATION TO STAY LITIGATION PENDING THE OUTCOME OF INTER PARTES REVIEW**<br><br>**JURY TRIAL DEMANDED**<br><br>HON. YVONNE GONZALEZ ROGERS |

-1- **STIPULATION TO STAY LITIGATION PENDING THE OUTCOME OF INTER PARTES REVIEW**
**C-12-03797 YGR**

## STIPULATION TO STAY LITIGATION PENDING
## THE OUTCOME OF INTER PARTES REVIEW

This stipulation is made among Plaintiff Jongerius Panoramic Technologies LLC ("JPT"), Defendant Google Inc. ("Google"), and Defendant Apple Inc. ("Apple") (collectively, the "Parties"), by and through their respective counsel. Pursuant to Civil Local Rule 6-2 and 7-12, the Parties herein agree and stipulate as follows:

1. **Background.** This case is in its early stages. Indeed, discovery has just begun, no claim construction briefs have been filed, and no depositions have taken place. Damages discovery is stayed pending further order of the Court. Docket No. 125.

2. On March 15, 2013, Apple and Google jointly petitioned the U.S. Patent and Trademark Office ("PTO") to conduct an *inter partes* review ("IPR") of the sole patent-in-suit, U.S. Patent No. 6,563,529 ("the '529 patent"). A copy of the petition is attached hereto as Exhibit A.

3. On April 5, 2013, the Court entered the Case Management Order. Docket No. 153. Additionally, the Court set a Technology Tutorial for July 10, 2013 and a Claim Construction Hearing for July 17, 2013. *Id*. The Court has not set a trial date.

4. The Parties now seek to stay all deadlines in this case pending the outcome of the IPR. In support of a stay, the Parties represent as follows: (1) by statue, the IPR takes a maximum of eighteen (18) months; (2) the IPR will either eliminate the need for trial or simplify the issues before the Court (e.g., validity issues); (3) staying the lawsuit pending the outcome of the IPR will promote judicial economy by eliminating the possibility of duplicative proceedings during the litigation (e.g., two Claim Construction Hearings); (4) staying the lawsuit pending outcome of the IPR will eliminate the possibility of duplicative discovery (e.g., multiple depositions of party and third party witnesses); and (5) all Parties are in favor of staying the litigation pending conclusion of the IPR.

5. **Legal Standard.** Courts consider three factors in determining whether to stay a case pending a reexamination of the patent-in-suit: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citation omitted). The Parties agree that the circumstances warrant staying the litigation pending conclusion of the IPR.

6. With respect to the first factor, this case is in its early stages. The Parties represent that: (1) discovery has just begun and no depositions have been taken, (2) no claim construction briefs have been filed, (3) damages discovery has been stayed, and (4) no trial date has been set.

7. With respect to the second factor, the stay will simplify the issues before the Court. The IPR is an administrative proceeding conducted by the PTO for the purposes of determining the validity and scope of an existing patent. *See* 35 U.S.C. §§ 301-319, *et seq*. Once a petition is filed, the PTO is statutorily required to decide whether to institute a review within three months of the PTO receiving a preliminary response by the patent owner or if no such preliminary response is filed, the last date on which such response may be filed. 35 U.S.C. § 314(b). If the proceeding is instituted and not dismissed, a final determination by the Board will be issued within one year (extendable for good cause by six months). 35 U.S.C. § 316(a)(11). Thus, the entire review process is completed far quicker than a typical reexamination. Also, unlike a reexamination which proceeds before a patent examiner, an IPR is conducted by the Patent Trial and Appeal Board ("PTAB") itself, which will provide valuable expertise for the proceeding. *See* 35 U.S.C. §316(c).

8. At the conclusion of the IPR, the USPTO will issue an order that either: (1) invalidates one or more claims of the '529 patent, (2) affirms the validity of one or more claims of the '529 patent,

or (3) amends one or more claims of the '529 patent. 35 U.S.C. § 307. If the IPR results in the invalidity of all of the '529 patent claims, there will be no need to litigate this case. Also, once the PTO makes a decision, all participating parties will be estopped from re-litigating the same invalidity issues that were raised or reasonably could have been raised during the IPR. *See* 35 U.S.C. § 315(e)(2). Further, the additional prosecution history will help clarify the scope of the claims. This is particularly true where, as here, a party has requested review of each of the asserted claims of the patents-in-suit. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending inter partes reexamination, even before the PTO determined whether reexamination was warranted, in part because defendant's request for reexamination included all claims at issue in the litigation).

9. Conversely, if the requested stay is denied and the litigation proceeds parallel to the IPR, the Court's claim construction ruling may have to be re-visited after the claims are modified. It thus makes little sense to construe the terms of the '529 Patent, and then expend time, energy, and resources to litigate the '529 Patent, when the IPR could undo some or all of these efforts.

10. Staying the litigation pending conclusion of the IPR may also prevent duplicative discovery efforts. Should the asserted claims of the '529 Patent be amended during the IPR, it is possible that the Parties will seek to re-depose witnesses concerning issues implicated by additional prosecution history or modified claims. The Parties desire to avoid this possibility.

11. With respect to the third factor, all Parties are in favor of the stay. Thus, the stay will cause no prejudice to any of the Parties.

12. Should the Court desire, the Parties will provide periodic updates regarding the status of the IPR.

13. Subject to the Court's approval, the Parties stipulate that all deadlines in this matter will be stayed until the IPR is complete. A proposed Order is submitted herewith.

14. For the foregoing reasons, the Parties request that the Court stay this litigation

Dated: April 12, 2013

Respectfully submitted,

/s/ *Brent N. Bumgardner*
Brent N. Bumgardner
Texas State Bar No. 00795272
bbumgardner@nbclaw.net
Christie B. Lindsey
Texas State Bar No. 24041918
clindsey@nbclaw.net
Jonathan H. Rastegar
Texas State Bar No. 24064043
jrastegar@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

**ATTORNEYS FOR PLAINTIFF JONGERIUS PANORAMIC TECHNOLOGIES, LLC**

Respectfully submitted,

/s/ *Charanjit Brahma*
Charanjit Brahma (Cal. Bar. No. 204771)
Kakoli Caprihan (pro hac vice)
Jack Lin (pro hac vice)
Jim W. Fang (pro hac vice)
GREENBERG TRAURIG, LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
(202) 331-3100

Scott J. Bornstein (pro hac vice)
GREENBERG TRAURIG, LLP
MetLife Building

| | |
|---|---|
| 1 | 200 Park Avenue<br>New York, NY 10166 |
| 2 | (212) 801-9200 |
| 3 | Vera Ranieri (Cal. Bar No. 271594)<br>GREENBERG TRAURIG, LLP |
| 4 | 4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111-5983 |
| 5 | (415) 655-1300 |
| 6 | **ATTORNEYS FOR DEFENDANT GOOGLE INC.** |
| 7 | |
| 8 | Respectfully submitted, |
| 9 | /s/ *James R. Batchelder*<br>JAMES R. BATCHELDER |
| 10 | ROPES & GRAY LLP<br>1900 University Ave, 6th Floor |
| 11 | East Palo Alto, CA 94303<br>Telephone: 650-617-4000 |
| 12 | Facsimile: 650-617-4090<br>james.batchelder@ropesgray.com |
| 13 | |
| 14 | KHUE V. HOANG<br>JOSEF B. SCHENKER (pro hac vice) |
| 15 | ROPES & GRAY LLP<br>1211 Avenue of the Americas |
| 16 | New York, NY 10036<br>Telephone: 212-596-9000 |
| 17 | Facsimile: 212-596-9090<br>khue.hoang@ropesgray.com |
| 18 | josef.schenker@ropesgray.com |
| 19 | PAUL M. SCHOENHARD (pro hac vice)<br>ROPES & GRAY LLP |
| 20 | One Metro Center<br>700 12th Street, NW, Suite 900 |
| 21 | Washington, DC 20005-3948<br>Telephone: 202-508-4600 |
| 22 | Facsimile: 202-508-4650<br>paul.schoenhard@ropesgray.com |
| 23 | **ATTORNEYS FOR DEFENDANT APPLE INC.** |
| 24 | -6-  **STIPULATION TO STAY LITIGATION PENDING THE OUTCOME OF INTER PARTES REVIEW**<br>**C-12-03797 YGR** |
| 25 | |
| 26 | |

## FILER'S ATTESTATION

I, Brent N. Bumgardner, am the ECF User whose ID and password is being used to file this joint stipulation. In compliance with General Order 45, paragraph X.B, I hereby attest that Charanjit Brahma and James R. Batchelder have consented in this filing.

/s/ *Brent N. Bumgardner*
Brent N. Bumgardner

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on counsel for all parties of record on April 12, 2013 via the Court's CM/ECF system.

/s/ *Brent N. Bumgardner*
Brent N. Bumgardner